NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYLE MARTINS VELOSO; G.A. VELOSO; FLAVIA RODRIGUES ALVES VELOSO; H.A. VELOSO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-5696 <br><br> Agency Nos. <br> A209-400-735 <br> A209-400-736 <br> A209-400-928 <br> A209-400-929 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025**
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Petitioner Rayles Martins Veloso, a native and citizen of Brazil, seeks

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an immigration judge's ("IJ") denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] Veloso is the lead applicant. His wife and two minor children are derivative beneficiaries of his application for asylum. Because the parties are familiar with the facts, we need not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. Our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). We review legal conclusions de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

Substantial evidence supports the agency's denial of asylum and withholding of removal because the record does not compel the conclusion that Veloso faced past persecution or likely faces future persecution. Threats in person and over the phone, without corresponding acts of violence, do not compel a finding of past persecution. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Veloso received several threatening phone calls from drug traffickers and a loan shark and was visited once by the loan shark. However, the threats and the visit were not accompanied by violence or near-violence. Although, as in *Duran-*

---

[1] The court has issued a show-cause order to Adolfo Ojeda-Casimiro, counsel for Veloso, based on the poor quality of his briefing in this matter. *See* Order to Show Case, *In re Adolfo Ojeda-Casimiro, Esq.* (Aug. 20, 2025) (No. 25-5260).

*Rodriguez*, it "may have been *possible* for the IJ to conclude that the threats were sufficiently serious and credible to rise to the level of persecution, we cannot say the evidence *compels* that conclusion." *Id.* at 1028 (emphasis in original).

Because Veloso did not establish past persecution, he does not benefit from a rebuttable presumption of future persecution. 8 C.F.R. § 1208.13(b)(1). Nor has he "show[n] both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez*, 918 F.3d at 1029 (quoting *Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1190 (9th Cir. 2005)). Veloso has not identified any evidence establishing a well-founded fear of future persecution or otherwise responded to the BIA's conclusion that he forfeited arguments related to future persecution by failing to raise them to the BIA.

Veloso has presented no argument on, or evidence for, his eligibility for CAT protection. Consequently, he has forfeited the argument by failing to develop it. *See Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022); *see also Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021).

Veloso newly asserts that he may be eligible for humanitarian asylum. However, Veloso did not raise his eligibility for humanitarian asylum before the agency and has therefore failed to exhaust the issue. *See Iraheta-Martinez*, 12 F.4th at 948; *Santos Zacarias v. Garland*, 598 U.S. 411, 417–19 (2023).

24-5696

**PETITION DENIED.**